

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00227-CR

**SCOTT ELDRED COALWELL,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2015-937-C1**

## SECOND ABATEMENT ORDER

On January 6, 2020, this Court received a letter, dated December 13, 2019, from Appellant Scott Eldred Coalwell. In his letter, Coalwell stated that he was unhappy with his appointed appellate counsel and therefore "fired" him. Coalwell further appeared to be seeking to waive his right to counsel pursuant to article 1.051 of the Code of Criminal Procedure so that he, acting *pro se*, could voluntarily dismiss this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(f)-(g); TEX. R. APP. P. 42.2(a).

In light of Coalwell's letter, this Court issued an abatement order on January 28,

2020.  The abatement order stated:

> In light of Coalwell's letter, we abate this cause to the trial court for a hearing to determine whether Coalwell intelligently wishes to (1) continue being represented by appointed appellate counsel or (2) represent himself in this appeal.  If Coalwell intelligently wishes to represent himself in this appeal, the trial court must administer the appropriate admonishments under subsection *g* of article 1.051 of the Code of Criminal Procedure and determine whether Coalwell voluntarily and intelligently waives his right to counsel on appeal.  If the trial court determines that Coalwell voluntarily and intelligently waives his right to counsel, the trial court shall require Coalwell to execute a written waiver of counsel which substantially complies with subsection *g* of article 1.051.
>
> The trial court shall conduct the hearing within 21 days after the date of this Order. The trial court clerk and court reporter shall file supplemental records within 35 days after the date of this Order.
>
> If Coalwell still wants to "withdraw" this appeal after this appeal is reinstated, a motion to dismiss complying with Rule of Appellate Procedure 42.2(a) may then be filed with this Court.  *See* TEX. R. APP. P. 42.2(a).

Just after this Court issued the foregoing abatement order, Coalwell's appointed appellate counsel filed with this Court a motion to dismiss this appeal.  Coalwell, however, did not personally sign the motion.

The Court then also received several documents from Coalwell,[1] and the trial court clerk then filed a supplemental clerk's record.  The supplemental clerk's record contains a "Joint Motion to Continue Abatement Hearing," which was filed with the trial court

---

[1] The documents lack proof of service as required by the Texas Rules of Appellate Procedure.  A copy of all documents presented to the Court must be served on all parties to the proceeding and must contain proof of service.  *See* TEX. R. APP. P. 9.5.  However, to expedite this matter, the Court implements Rule 2 to suspend Rule 9.5's proof-of-service requirement and forwards **these documents only** to the attorney of record for the State and the attorney of record for Coalwell.  *See id.* R. 2.

clerk by Coalwell's appellate counsel and the State's counsel on February 7, 2020. The

joint motion states:

> In preparing for the Abatement Hearing, the undersigned State's counsel learned from Assistant United States Attorney Bettina Richardson that Appellant was in federal custody, on trial in Cause Number SA:17-CR-00746 on the docket of the United States Court, San Antonio Division, Western District of Texas, which commenced February 3, 2020. Counsel further learned that, in the event of conviction, sentencing procedures would take approximately 4-5 months. Counsel was advised that Appellant could not be released to State authorities until the completion of those events.
>
> . . . .
>
> Based on the foregoing, it does not appear that an abatement hearing can be held with Appellant in attendance, as required by the Court of Appeals' Abatement Order, for 4-5 months. Accordingly, the undersigned counsel present this joint motion requesting the trial court to approve and forward to the Honorable Tenth Court of Appeals their recommendation that the abatement hearing be continued until such time that the presence of Appellant can be procured from Federal authorities.

Accordingly, we reinstate this appeal in order to rule on the motion to dismiss

appeal filed by Coalwell's appointed appellate counsel. The motion to dismiss appeal is

denied because it does not comply with Rule of Appellate Procedure 42.2(a). *See* TEX. R.

APP. P. 42.2(a).

Having denied the motion to dismiss appeal, we again abate this cause to the trial

court in order for this Court's January 28 abatement order to continue to be carried out.

However, the time within which the trial court shall conduct the hearing is extended to

180 days after the date of this Order. The trial court clerk and court reporter shall file

supplemental records within 14 days after the date of the hearing.

If during the time this appeal is abated, Coalwell files a motion to dismiss this appeal that complies with Rule of Appellate Procedure 42.2(a), specifically including Coalwell's signature in addition to his counsel's, the Court will reinstate this appeal and rule on the motion as appropriate. Furthermore, as stated in this Court's January 28 abatement order, if Coalwell still wants to "withdraw" this appeal after this appeal is reinstated, a motion to dismiss complying with Rule of Appellate Procedure 42.2(a) may then be filed with this Court. *See id.*

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeal abated
Order issued and filed February 20, 2020
RWR

